**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ARISTIDES RIVAS,<br>Petitioner,<br>v.<br>JEREMY CASEY, in his official capacity as Warden, Imperial Regional Detention Facility, et al.,<br>Respondents. | Case No.: 3:26-cv-04323-RBM-DDL<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 1]** |

Pending before the Court is Petitioner Jose Aristides Rivas's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, native and citizen of Honduras, first entered the United States without inspection in 1998 and was last admitted to the United States on January 4, 2026. (Doc. 1 ¶¶ 5, 13.) After Honduras was designated for Temporary Protected Status ("TPS") in January 1999, Petitioner received TPS in 2000 and he renewed his TPS continuously until the designation ended in 2025. (*Id.* ¶ 14.) "Petitioner has no criminal history of any kind — no arrests, no charges, no convictions — in the United States or elsewhere." (*Id.* ¶ 15.)

On May 25, 2026, Petitioner was stopped by Florida Highway Patrol in Hollywood, Florida while he was driving to a construction site. (*Id.* ¶ 15.) Petitioner was not issued a ticket or a citation. (*Id.*) Petitioner was then transported to U.S. Immigration and Customs Enforcement's ("ICE") and was subsequently detained. (*Id.*) That same day, the U.S. Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") charging him as removable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (*Id.* ¶ 17.) "On May 29, 2026, DHS filed Form I-261, purporting to amend the NTA, reclassifying Petitioner as an 'arriving alien' and alleging that he 'applied for admission at Miami, Florida on January 4, 2016, and was paroled with authorization to remain for a temporary period not to exceed January 2, 6 2017.'" (*Id.*) On June 30, 2026, an immigration judge denied Petitioner's request for custody redetermination based on a lack of "authority to redetermine the condition of [his] custody as he is an applicant for admission and is subject to mandatory detention under" INA § 235(b)(2)(A). (*Id.* ¶ 18; *see id.*, Ex. A at 30.) "Petitioner is presently detained at the Imperial Regional Detention Facility." (Doc. 1 ¶ 20.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims his immigration detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 47–56.) Respondents cite the Ninth

Circuit's recent decision in *Rodriguez Vasquez v. Bostock*,—F.4th—, 2026 WL 2196424 (9th Cir. July 30, 2026), and assert that they "do[ ] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. §1226(a)." (Doc. 8 at 2.)

In *Rodriguez Vazquez*, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 2026 WL 2196424, at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided here for more than 28 years (*see* Doc. 1 at 1), § 1226(a)'s discretionary procedures govern Petitioner's detention. Therefore, and in light of Respondents' non-opposition, the Petition is **GRANTED**.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("[I]f Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").[1]

## IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. The Government is **ORDERED** to immediately release the noncitizen from custody.
2. The Court **ORDERS** that, prior to any re-detention, the noncitizen **SHALL** receive

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.

3. The noncitizen bears the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

4. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[2]

**IT IS SO ORDERED**.

DATE: August 12, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").